UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFFIEL A. NORWOOD,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 1:18-cv-00198-JDP<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE FOR PLAINTIFF'S FAILURES TO PROSECUTE AND TO COMPLY WITH COURT ORDER<br><br>OBJECTIONS, IF ANY, DUE IN FOURTEEN DAYS |

Plaintiff Raffiel A. Norwood ("claimant") proceeds without counsel in this action appealing defendant's decision denying his application for Social Security benefits. Claimant failed to serve the complaint within the time period required by the scheduling order. *See* ECF No. 8. The court therefore ordered claimant to show cause why the case should not be dismissed for his failure to prosecute. ECF No. 12. In response, claimant requested a ninety-day extension of time "to acquire legal representation." ECF No. 11. The court partially granted claimant's request, ordering him to secure representation or serve the complaint by May 31, 2019. ECF No. 12.

On May 17, 2019, claimant requested that this case "remain open" and that the court direct the clerk to resend the service documents to claimant. ECF No. 13. Considering

claimant's pro se status and in the interests of justice, the court granted claimant's request. The court ordered the clerk of court to resend certain documents to claimant. *Id.* 2. The court also extended the deadline set in its previous order for plaintiff to (1) secure representation or (2) serve the complaint. *Id.* The court warned plaintiff that failure to comply with its order would result in dismissal of this case. *Id.* Nonetheless, plaintiff again failed to secure representation or serve the complaint within the allotted time, thereby disobeying another court order.

The court may dismiss a case for plaintiff's failure to prosecute or failure to comply with a court order. *See* Fed. R. Civ. P. 41(b); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). Involuntary dismissal is a harsh penalty, but a district court has duties to resolve disputes expeditiously and to avoid needless burden for the parties. *See* Fed. R. Civ. P. 1; *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

In considering whether to dismiss a case for failure to prosecute, a court ordinarily considers five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986)). These heuristic factors merely guide the court's inquiry; they are not conditions precedent for dismissal. *See In re Phenylpropanolamine (PPA) Products Liability Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

Turning to the risk of prejudice, pendency of a lawsuit, on its own, is not sufficiently prejudicial to warrant dismissal. *Id.* (citing *Yourish*, 191 F.3d at 991). And here, the court need consider only the record before the administrative law judge, so there is no risk that delay will increase the risk that witnesses' memories will fade and evidence will become stale. *See id.* at 643. Therefore, the third factor weighs against dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the court that would constitute a satisfactory lesser sanction while protecting the court from further unnecessary expenditure of its scarce resources. Monetary sanctions are of little use, considering plaintiff's pursuit of disability benefits, and—given the nature of these proceedings—the preclusion of evidence or witnesses is not available. Accordingly, the fourth factor also weighs in favor of dismissal.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Id.*

After weighing the factors, including the court's need to manage its docket, the court finds that dismissal is appropriate. The court will recommend dismissal without prejudice.

**ORDER**

The clerk of court is directed to assign this case to a district judge, who will preside over this case. The undersigned will remain as the magistrate judge assigned to the case.

**FINDINGS AND RECOMMENDATIONS**

The court recommends that the case be dismissed for plaintiff's failures to prosecute and to comply with court orders. The undersigned submits these findings and recommendations to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within 14 days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. The document containing the objections must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C). The parties' failure to file objections within the specified time may waive their rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: ___July 2, 2019___  _____
UNITED STATES MAGISTRATE JUDGE

3